CAUSE NO. DCCV21-2345-369

BRUCE BECKER,
LILIANA BECKER,

IN THE DISTRICT COURT

Plaintiffs

V.

ANDERSON COUNTY, TEXAS

CITIBANK, NA, INC
CITIGROUP, INC
CITIMORTGAGE, INC
JANE FRASER (PRESIDENT AND CEO)
ROXANNE CROW (LOAN OFFICER)
PATTI RUKKILA (LOAN PROCESSOR)
GINA URBINA (LOAN PROCESSOR)
DARLA YOCOM
 (EXECUTIVE RESPONSE SPECIALIST)

Defendants

369 JUDICIAL DISTRICT

PLAINTIFFS ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bruce Becker Pro Se, Liliana Becker Pro Se (Plaintiffs), complaining of and about Citibank (Above Styled Defendants), and for the below cause of actions would show unto the Court the following: Citibank, after review of evidence sought to entrap Plaintiff's in a deceptive scheme of promises, loan delays, and Mortgage Loan Process Fraud that Plaintiffs have indeed suffered Injuries and in the eyes of the Court the Relief requested is reasonable.

JURISDICTION AND VENUE

Plaintiffs reside within Anderson County in the State of Texas and all Mortgage Loan Processes with Citibank occurred within Anderson County Texas, Online, or via Telephone Communication. The initial contract signing occurred online where each party was provided a copy of the contract via email communications and contract was made available immediately upon signing via Docusign. Both Properties associated with the Mortgage loans are located

within the state of Texas with one of those properties in Anderson County, and the other in Bexar County. Total loan amounts are more than $200,000 but less than $300,000.

## BACKGROUND

Plaintiffs have engaged in more than 10 successful real estate transactions in the past 7 years, each transaction was transparent, no form of harassment, loan processing times ranged from 30 to 45 days. Bruce holds a double masters degree in Business and is a former US Special Agent, Liliana holds a Bachelor's Degree in economics.

Plaintiffs entered into 2 Concurrent Mortgage Refinance Loans with Citibank on or about 13 October 2020. The total running time for both loans has now entered into about 150 days. Citibank has transferred the loan processes from one processor to another with little to no notice to Plaintiffs. The Loan process is still active at the time of filing of the instant suit. Although Citibank has requested documents already provided to one or more of the parties processing the loans.

During initial contact with Citibank on or about 10 Oct 2020, Plaintiffs were made a Verbal promise and guarantee by Roxanne Crow that their loans would be completed within 4 months time. Further, Roxanne stated that Property Appraisals would only be ordered once loan Applicants received final approval to move loans to closing. Roxanne stated that loan Applicants could also request Property Appraisals to be performed early on in the loan Process however Plaintiffs preferred to wait until "Final Loan Approval" prior to the ordering of property appraisals. "This process would ensure that the Plaintiffs were not liable to cover the costs of Property Appraisals in the event that their loans were not approved"

On or about 12 March 2021, Plaintiffs became aware that the ordering of Property Appraisals "did not" indicate that their loans were approved referencing information provided by Darla Yocom with Citibank Executive Response Team and via email communications. Plaintiff's would "Not" have entered into the Contract agreements with Citibank if they knew beforehand that the Conducting of Property Appraisals did not indicate final approval to move to closing with the understanding that the total loan amounts would be subject to change based on the appraisal reports.

During the course of the loan processes, Citibank has executed at least 10 Credit pulls and or inquires on both Plaintiff's credits as reported by Experian Credit Alerts. These actions have impacted Plaintiff's ability to obtain other forms of credit and or lowered their credit scores to the point that the interest rate lock would be impacted as related to the loans in the instant suit.

For most of the loan processing periods, Citibank email servers have not been functional as confirmed by both Patti and Gina. This has resulted in unnecessary expenses of both fax and priority mail expenses

## DISCOVERY CONTROL PLAN

Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiffs intend discovery to be conducted under Level I of the Discovery Control Plan.

## CAUSE OF ACTION

## COUNT 1

First, the legal elements to pursue a Breach of Contract Claim

BREACH OF CONTRACT
(1) the existence of a valid contract;
(2) the performance or tendered performance;
(3) the DEFENDANT'S breach of the contract; and
(4) damages as a result of the breach.")

Plaintiffs relied upon information provided in the initial stages by Citibank loan parties regarding (1) Property Appraisals "only" ordered and performed once Loan Applications were approved (2) The reasoning behind waiting to conduct Appraisals until the end stages of the loan process was to secure "Approvals" of the loans "Prior" to the conducting of Property Appraisals (3) Evidence shows the ordering of Property Appraisals although Citibank had "Not" approved the Loans (4) Evidence shows that the Plaintiffs obtained Conditional Approvals on the loans however according to the evidence were never in fact approved despite the providing of loan documentation for nearly 150 days (5) Finally, No reason existed for Citibank to delay the ordering of Property Appraisals for nearly 150 days since the conducting of such Appraisals "did not" indicate Loan Approval.

## COUNT 2

Texas Business and Commerce Code § 27.01. Fraud in Real Estate - (a) Fraud in a transaction involving real estate

First, the legal elements to pursue a Fraud Claim:

(1) false representation of a past or existing material fact, when the false representation is

(A) made to a person for the purpose of inducing that person to enter into a contract; and
(B) relied on by that person in entering into that contract; or

(2) false promise to do an act, when the false promise is

(A) material;
(B) made with the intention of not fulfilling it;
(C) made to a person for the purpose of inducing that person to enter into a contract; and
(D) relied on by that person in entering into that contract.

(b) A person who makes a false representation or false promise commits the fraud described in Subsection (a) of this section and is liable to the person defrauded for actual damages.

Plaintiffs relied fully upon the promises made by the above styled defendants to Approve both their real estate loans prior to the ordering of Property Appraisals as they were promised by both Roxanne Crow and Patti Rukkila. They further relied on the promise to complete the full mortgage loan process within 120 days from the date of start 13 Oct 2020 as promised by Roxanne Crow.

(c) A person who makes a false representation or false promise with actual awareness of the falsity thereof commits the fraud described in Subsection (a) of this section and is liable to the person defrauded for exemplary damages.

(d) A person who (1) has actual awareness of the falsity of a representation or promise made by another person and (2) fails to disclose the falsity of the representation or promise to the person defrauded, and (3) benefits from the false representation or promise commits the fraud described in Subsection (a) of this section and is liable to the person defrauded for exemplary damages. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

## ARGUMENT

Citibank has monetarily benefited from the alleged Breach of Contract and Fraud as they immediately requested and billed to Plaintiffs Credit Card both loan application fees and Appraisal Fees of close to $2000 starting from 13 Oct 2020 and extending close to 150 days time. Plaintiffs have been responsible for the interest accrued while Citibank has benefited from "undisclosed" use of those funds as they were not kept in escrow.

Between the period of Nov 2020 thru Feb 2021 Patti requested a huge series of documents from the Plaintiffs and oftentimes requesting the same exact documents between 3 to 5 times. Further Patti ensured Plaintiffs that Citibank would hold off on ordering their Property Appraisals until final loan approval had occurred. While "Harassment" is not listed in the cause of actions, it is clearly present in the instant suit. Estimated size of all documents sent to Patti is between 500 and 750 many of which are duplicates given the alleged harassment.

On or about 17 Feb 2021 Gina Urbina, informed Plaintiffs that she was expecting the "Actual Approval Document" for the loans in question at any time now. This email clearly inferred that "final approval" would occur "prior" to the processing of Property Appraisals as was promised by Roxanne during the initial stages of the loan processes but prior to executing the loan signing processes. Further, the ordering of Property Appraisals was an indicator that Approval had already occurred and there was no need to submit additional documents aside of the Appraisals.

Plaintiffs made contact with Citibank Corporate office via email on 10 March 2021 to obtain clarification as to why the Property Appraisals were ordered and to obtain a concrete closing date for both loans in question.

However, on 8 and 10 March 2021 the Plaintiffs were contacted by Texas Licensed Appraisal companies regarding both properties in question and stated that Citibank had ordered the Property Appraisals to be performed.

Finally, on 11 March 2021 Darla informed Plaintiffs via official letter/email that "We are unable to approve an application prior to receiving a completed Appraisal report from the Appraiser" " This information runs in conflict with promises made in writing or verbally by all other loan officials.

On 29 January 2021 the Plaintiffs received their first "Conditional Approval" on one of the loans in the instant suit, and subsequently loan parties repeatedly harassed the Plaintiffs for additional documentation which was duplicative of documentation already provided. <u>Therefore, Defendants prolonged the loan processing for another near 7 weeks with no "Final Loan Approvals" in sight for the Plaintiffs however, Citibank benefited entirely for monies paid up front for both loans plus Appraisal Fees.</u>

Plaintiffs Finally learned that "No Final Approval" would be made until they "bypassed" all loan parties, obtained a key email contact at Citibank Corporate whom disclosed that no final approval can be obtained absent Property Appraisal completion. This information runs in conflict with information provided by all loan processing officials.

## AUTHORITIES

Whether a contract comes within the statute of frauds is a question of law. Bratcher v. Dozier, 346 S.W.2d 795, 796 (Tex. 1961). The statute of frauds does not require that the contract itself be in writing. Instead, the written instrument merely furnishes written evidence of a contract and its essential terms. EP Operating Co. v. MJC Energy Co., 883 S.W.2d 263, 267 (Tex. App.-- Corpus Christi 1994, writ denied)

An escrow agreement is a contract formed for the purpose of preserving funds so they will be available for disbursement when payment is authorized. See Graco Robotics, Inc. v. Oaklawn Bank, 914 S.W.2d 633 (Tex. App.-Texarkana 1995, writ dism'd)

One of the more precise legal descriptions delineates the conduct giving rise to the tort as "efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." See Montgomery Ward & Co. v. Brewer, 416 S.W.2d 837, 844 (Tex. Civ. App.-Waco 1967

## REQUESTS FOR RELIEF

Plaintiffs are "not" pursuing Monetary Damages at this time. <u>Plaintiffs request performance on their 2 longstanding mortgage loans applications</u> which have been permitted to greatly exceed the amount of time of most other Loan Applications. The Performance would require the immediate approval of the 2 outstanding loans based on the more than 500 documents already submitted to Citibank. The immediate approval and moving the loans to closing does not indicate that the listed loan amounts would be approved as those are estimates "prior to" appraisals.

## SECOND REQUEST FOR RELIEF

Reimbursement of Court filing fees in the instant suit as the suit would not have occurred absent the above described fraud, deception, and breach of contract. Plaintiffs seek the reimbursement of more than $200 in fax and priority mail delivery fees as those fees would not have occurred if Citibank email servers were functional.

## CONCLUSION AND PRAYER

The instant suit shows with substantial certainty that Citibank lacks any form of effective internal communication, management skills, leadership and sought to defraud a heavily disabled Military Combat Veteran along with his Spouse. That Citibank was made aware of the Plaintiffs Military Status, Service, and disabling factors in detail to both Roxanne and Patti. Despite these sensitive factors, which Citibank became aware of early on, they still pursued deceptive loan practices along with a Breach of Contract and fraud.

Plaintiffs pray for the relief requested and that the Court find that each of their arguments

hold merit when substantiated by evidence. That the relief requested is more than reasonable when considering each of the aforementioned factors. Citibank may view the instant suit as an opportunity to remedy their internal issues prior to those "issues" becoming a more serious dilemma.

Bruce Becker Pro Se
Liliana Becker Pro Se
901 E Park Ave
Palestine, Texas
75801
(210) 815-4521
Liliana@lilianapropertiesllc.com

X _____

X _____

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the **Plaintiff's Original Complaint** has been served by Electronic Mail, Certified Mail, and or In Person Summons on or before 17 March 2021, to the following and above Styled Parties.

JANE FRASER (PRESIDENT AND CEO), ROXANNE CROW (LOAN OFFICER)
PATTI RUKKILA (LOAN PROCESSOR), GINA URBINA (LOAN PROCESSOR)
DARLA YOCOM (EXECUTIVE RESPONSE SPECIALIST)
Citibank Corporate Headquarters: Citibank 701 East 60th Street North
Sioux Falls, South Dakota 57104

ATTN: General Counsel: 701 E 60th Street North P.O. Box 6034 Sioux Falls, SD 57117

State of Texas

ANDERSON COUNTY

Before me, ( Bill Rawson Sr ), on this day personally appeared Bruce Becker
Liliana Becker

known to me (or proved to me on the oath of _____ or through (Texas Drivers License  to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this __15__ day of MARCH, (2021).

BILL RAWSON, JR.
NOTARY PUBLIC
STATE OF TEXAS
ID # 126963712
My Comm. Expires 07-20-2024

(Personalized Seal)

Notary Public's Signature

x_____Bill Rawson_____